UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL CRUZ-FLORES,<br><br>                              Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, et. al.,<br><br>                              Respondents. | Case No.: 25-CV-3263 JLS (VET)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Joel Cruz-Flores's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents Christopher LaRose's (Senior Warden, Otay Mesa Detention Center), Kristi Noem's (Secretary, U.S. Department of Homeland Security), Todd Lyons's (Acting Director, U.S. Immigration and Customs Enforcement), Patrick Divver's (Field Officer Director, San Diego Field Office), Sirce Owen's (Acting Director of the Executive Office for Immigration Review, U.S. Department of Justice), and Pamela Bondi's (U.S. Attorney General) (collectively, "Respondents") Return to Habeas Petition ("Ret.," ECF No. 5) and Petitioner's Traverse ("Traverse," ECF No. 6). For the reasons set forth below, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus.

/ / /

## BACKGROUND

Petitioner, a Mexican national, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center. Pet. ¶ 1. On August 18, 2025, an Immigration Judge granted Petitioner's release on a $1,500 bond, which DHS subsequently appealed. *Id.* ¶¶ 5–6. On October 29, 2025, the Board of Immigration Appeals sustained DHS's appeal and vacated the Immigration Judge's bond decision pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* ¶ 7. Petitioner argues that he is unlawfully subject to the mandatory detention provision under 8 U.S.C. § 1225 and is detained in violation of 8 U.S.C. § 1226 and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 10, 45–52.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Respondents first argue that this Court lacks jurisdiction under 8 U.S.C. § 1225(g) and § 1225 (b)(9) and, in the alternative, that Petitioner has failed to exhaust his administrative remedies. *Id.* at 7–10. Respondents then argue, if the Court finds

jurisdiction and waives exhaustion, that Petitioner's claims fail on the merits because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. *Id.* at 11–15.

## I. Jurisdiction

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents claim that Petitioner's claims "necessarily arise from the decision or action by the Attorney General to commence proceedings and adjudicate cases." Ret. at 8 (simplified). The Court disagrees.

Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. *See* Traverse at 3. Rather, Petitioner is challenging "DHS's misapplication of detention authority—specifically, its decision to classify him under INA § 235(b) instead of § 236(a)." *Id.* at 4. Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025). Therefore, § 1252(g) does not strip the Court of jurisdiction.

    Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9) (emphasis added). Respondents argue that Petitioner is challenging "the government's decision and action to detain him" during removal proceedings. Ret. at 10. Respondents assert that the decision to detain Petitioner arises from the "decision to commence removal proceedings" and thus is "an action taken . . . to remove [him] from the United States." *Id.* (quoting 8 U.S.C. § 1252(b)(9)). Respondents conclude that the Court lacks jurisdiction under § 1252(b)(9). *Id.* Again, the Court disagrees.

    Section 1252(b)(9) "has built-in limits, specifically, claims that are independent of or collateral to the removal process do not fall within the scope" of § 1252(b)(9). *Gonzalez v. United States Immigration and Customs Enforcement*, 975 F.3d 788, 810 (9th Cir. 2020) (citing *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016) (internal quotation marks omitted)). "[C]laims challenging the legality of detention pursuant to an immigration detainer are independent of the removal process." *Id.*; *see also Garcia*, 2025 WL 2549431, at *3–4; *Nielson v. Preap*, 586 U.S. 392, 402 (2019) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)) (finding § 1252(b)(9) did not strip the court of jurisdiction because the petitioners were "not asking for review of an order of removal; they [were] not challenging the decision to detain them in the first place or to seek removal (as opposed to decision to deny them bond hearings); and they [were] not even challenging any part of the process by which their removability w[ould] be determined").

    Here, as discussed above, Petitioner is not challenging the Department of Homeland Security's decision to commence removal proceedings, to adjudicate removability, or to exercise its general discretion to detain. *See* Traverse at 3. Petitioner is instead challenging the "statutory and constitutional authority under which DHS has classified that detention"

and his alleged misclassification depriving him of a bond hearing. *Id.* Therefore, § 1252(b)(9) also does not strip the Court of jurisdiction.

**II.    Exhaustion**

"Exhaustion can be either statutorily or judicially required." *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004). While 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Prudential exhaustion may be required if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citing *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Court, following other courts in this District, finds that exhaustion would be futile because the Board of Immigration Appeals is obligated to apply the binding precedent of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) to find that detention is mandatory under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Garcia*, 2025 WL 2549431, at *4–5; *Valdovinos v. Noem*, No. 25-CV-2439 TWR (KSC), slip op. at 9 (S.D. Cal. Sept. 25, 2025). Therefore, the Court concludes that exhausting administrative remedies would be futile.

/ / /

### III. Merits

#### A. Detention Under § 1225(b)

Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(2)(A) as an applicant for admission. Ret. at 11. Petitioner argues that he has been unlawfully subject to the mandatory detention provision under § 1225(b)(2), which "applies only to 'applicants for admission' encountered at or near the border" and not to individuals like Petitioner, who was apprehended in the interior and has been residing in the United States since 1999. Pet. ¶ 47. Petitioner alleges that he is entitled to an individualized bond hearing under § 1226(a), and that his mandatory detention based on the Board of Immigration Appeals decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), contravenes "the statutory text, agency precedent, and the limits Congress reaffirmed in the Laken Riley Act of 2025." *Id.* ¶ 11, 47.

Section 1225 applies to "applicants for admission" who are "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). Section 1225(b)(2)(A) provides in part that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." *Id.* § 1225(b)(2)(A).

Section 1226(a) applies to a noncitizen who is "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226 provides, so as long as the detained noncitizen is not covered by § 1226(c), that pending such decision, the Attorney General may release the noncitizen on bond. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Section 1226(c) requires mandatory detention for noncitizens who have been charged with certain crimes listed in § 1182(a) and § 1227(a). § 1226(c)(1). Notably, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for noncitizens who are (1) inadmissible under

§1182(a)(6)(A), (6)(C), or (7); *and* (2) charged with certain crimes.[1] § 1226(c)(1)(E). "A plain reading of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been* implicated in any crimes as set forth in Section 1226(c)." *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *17 (W.D. Wash. Sept. 30, 2025).

Here, Petitioner is currently subject to mandatory detention at the Otay Mesa Detention Center pursuant to § 1225(b)(2). Pet. ¶ 1. If the Court determines that Petitioner is held pursuant to § 1226 and not § 1225(b)(2), Petitioner would be entitled to a bond hearing in front of an immigration judge.

The Court follows other decisions in this Circuit finding that "seeking admission requires an affirmative act such as entering the United States or applying for status, and that it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status." *Mosqueda v. Noem*, No. 25-CV-2304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025); *see, e.g.*, *Vazquez v. Feeley*, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082, at *11–16 (D. Nev. Sept. 17, 2025); *Rodriguez*, 2025 WL 2782499, at *1 ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice."); *Guzman v. Andrews*, No. 25-CV-1015-KES-SKO (HC), 2025 WL 2617256, at *4–5 (E.D. Cal. Sept. 9, 2025) (finding that petitioner who was released on bond and rearrested was entitled to a bond hearing under § 1226); *Garcia*, 2025 WL 2549431, at *8 (providing petitioner with an individualized bond hearing under § 1226(a)); *Valdovinos v. Noem*, No. 25-CV-2439 TWR (KSC), slip op. at 9 (S.D. Cal. Sept. 25, 2025) (same).

---

[1] These crimes are "burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." § 1226(c)(1)(E)(ii).

Petitioner "was not encountered at a port of entry, during inspection, or near the international boundary." Traverse at 6. Petitioner was arrested in the interior of the United States by ICE Officers, not while presenting himself at the gate of entry to attempt to apply for admission. *See id.* Petitioner also has not taken any affirmative acts to seek admission but rather has been residing in the United States since sometime around 1999. *Id.* at 1, 6; *see also Kadir v. Larose*, No. 25-CV-1045 LL (MMP), 2025 WL 2932654, at *2–3 (S.D. Cal. Oct. 15, 2025) (finding that when petitioner scheduled an appointment for admission at the border that clearly qualified him as an applicant for admission under § 1225(b)).

Therefore, the Court concludes that Petitioner is not an applicant for admission under §1225(b) and is entitled a bond hearing under §1226(a).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to release Petitioner on the same $1,500 bond and conditions of release as ordered by the Immigration Judge on August 18, 2025.

**IT IS SO ORDERED.**

Dated: December 9, 2025

Hon. Janis L. Sammartino
United States District Judge